08-0241-cv
Droz v. McCadden

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2008

(Argued:  March 9, 2009          Decided: September 14, 2009
                                 Amended: October 7, 2009)

Docket No. 08-0241-cv

--------------------------------------

MARTIN DROZ,

Plaintiff-Appellee,

- v. -

P.J. MCCADDEN, State Trooper,

Defendant-Appellant,

SHIRLEY B. HERDER, MARK MURRAY, ESTATE OF JOHN C. ANDERSON, TOWN OF VIENNA, NEW YORK, DANIEL G. MIDDAUGH, SCOTT BURNOP, MICHAEL DURANT, SHAWN MALONE, MICHAEL MULKY, MARK SLAWSON, and UNKNOWN SOWITCH,

Defendants.[*]

--------------------------------------

Before:   WINTER and SACK, Circuit Judges, and COGAN, District Judge.[**]

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, Judge) denying Defendant-Appellant State Trooper P.J. McCadden's

---

[*] The Clerk of the Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

[**] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

motion for summary judgment. We conclude that the stipulated facts establish that McCadden reasonably believed that he was acting at the behest of Judge Shirley Herder, and, therefore, he had arguable probable cause to arrest Plaintiff Droz for criminal contempt and probable cause to commence a criminal contempt proceeding against him. We therefore conclude, contrary to the district court's ruling, that McCadden is entitled to qualified immunity with respect to the claims made against him for false arrest and malicious prosecution under 42 U.S.C. § 1983.

Reversed.

DENISE A. HARTMAN, Assistant Solicitor General, for Andrew Cuomo, Attorney General of the State of New York, (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, of counsel), Albany, NY, for Defendant-Appellant.

EDWARD KOPKO, Wiggins & Kopko, LLP, Ithaca, NY, for Plaintiff-Appellee.

PER CURIAM:

Defendant-Appellant State Trooper P.J. McCadden appeals from an order of the district court (David N. Hurd, Judge) denying his motion for summary judgment in this action against him under 42 U.S.C. § 1983 based on allegations of false arrest and malicious prosecution. The grounds for the motion are that McCadden was entitled to qualified immunity. We conclude that the stipulated facts establish that McCadden reasonably believed he was acting at the behest of Judge Shirley Herder. McCadden therefore had arguable probable cause to arrest Plaintiff Droz

2

for criminal contempt. In addition, in light of this reasonable belief and McCadden's conversation with Judge Herder following Droz's arrest regarding the offense with which Droz would be charged, McCadden had probable cause to institute proceedings against him. We therefore reverse the order of the district court and remand the cause with instructions to grant the summary judgment motion and dismiss the claims.

**BACKGROUND**

Plaintiff Droz was arrested and charged with violating N.Y. Penal L. § 215.50(1) for "disorderly, contemptuous or insolent behavior, committed during the sitting of a court, in its immediate view and presence and directly tending to interrupt its proceedings," after arriving at a courthouse and refusing to show to Code Enforcement Officer John C. Anderson what was in a brown paper bag he was carrying. Anderson told Judge Shirley Herder about the incident. The police were then summoned, and arrived, in the person of McCadden. McCadden then arrested Droz. The subsequent contempt charge against Droz was eventually dismissed. Droz then brought this action pursuant to 42 U.S.C. § 1983 against Herder and McCadden asserting, inter alia, causes of action sounding in false arrest, malicious prosecution, and conspiracy to commit false arrest and malicious prosecution. Herder, having settled the claims against her, is no longer a party to this appeal.

McCadden moved for summary judgment on qualified immunity grounds, arguing that he had arguable probable cause to

3

arrest Droz inasmuch as he had been told by Herder -- a town judge whose instruction would be sufficient to give probable cause to arrest someone for contempt of court -- that he should arrest Droz for contempt. McCadden also argued that he was entitled to qualified immunity with respect to the malicious prosecution claim because it was undisputed that he spoke with Herder about what statute to charge Droz under following Droz's arrest.

The district court denied McCadden's motion for summary judgment, concluding that there was a material issue of fact as to whether Herder personally instructed McCadden to arrest Droz, and that, therefore, probable cause for the arrest had not been established as a matter of law. The court also decided that malice might be established to support the malicious prosecution claim because McCadden had no other evidence that Droz had committed criminal contempt, the charge that was brought against him and then dismissed. McCadden brings this interlocutory appeal from the denial of his motion for summary judgment.

**DISCUSSION**

I. Standard of review

"We review a district court's denial of summary judgment de novo . . . ." Travelers Ins. Co. v. Carpenter, 313 F.3d 97, 102 (2d Cir. 2002) (noting, however, that unlike appeals on qualified immunity issues, we typically undertake such review only "when a final decision or other distinct district court action has rendered the case appealable"). Summary judgment must

4

be granted to the movant "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008). In an interlocutory appeal such as this one, "we may not review whether a dispute of fact identified by the district court is 'genuine.'"  Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). We may only resolve the summary judgment motion insofar as we rely "on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find."  Id.  "A district court's mere assertion that disputed facts exist . . . is[, however,] not enough to preclude an immediate appeal."  Id.

II. Analysis

Irrespective of whether Herder and McCadden actually spoke to one another before Droz's arrest -- a fact the district court found was "genuinely" in dispute -- McCadden is entitled to qualified immunity, because we conclude, as a matter of law, that he reasonably believed he was acting at Herder's behest.  While Droz contests whether such a personal conversation between Herder and McCadden ever took place, he admits that "McCadden . . . relied upon his alleged understanding of Herder's direction to him to arrest Droz for criminal contempt."  Droz Statement of

Material Facts ¶ 4.[1] Droz concedes, then, that McCadden thought he was operating at the direction of Herder when he arrested Droz.

The stipulated facts also establish as a matter of law that this belief was reasonable. Droz concedes that Herder agreed with Code Enforcement Officer Anderson that Droz's actions in the courthouse should be reported to the police. Id. at ¶ 12. The police department, in the person of McCadden, were then summoned by telephone to the courthouse by the town supervisor, Mark Murray. Id. at ¶ 13. While Droz does not explicitly agree that McCadden was told during or as a result of that phone call that Herder was instructing him to come to the courthouse to arrest Droz, for McCadden to have had any "alleged understanding," Droz Statement of Material Facts ¶ 4, that Herder had directed him to arrest Droz -- assuming as we must that he did not have a direct conversation with Herder -- McCadden could only have been told that as a result of what the town supervisor told the police. Regardless of whether there is a triable issue of fact as to whether McCadden had a personal conversation with Herder prior to the arrest, then, for McCadden to have understood that Herder directed him to arrest Droz, he must have been told so directly or indirectly on or as a result of the call -- the basis for a reasonable belief that it was so.

---

[1] While it is hard to know what to make of the use of the word "alleged" in Droz's Statement of Material Facts, we conclude that it does not take away from Droz's admission that McCadden had some understanding that Herder had instructed him to arrest Droz.

6

"Arguable probable cause [which establishes qualified immunity with respect to a false arrest claim] exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law." Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (internal quotation marks omitted) (emphasis in original). Based on the stipulated facts, as a matter of law, McCadden reasonably believed Herder instructed him to arrest Droz. This belief was sufficient to establish arguable probable cause for the arrest. McCadden is therefore entitled to qualified immunity on the false arrest charge.

Similarly, McCadden is entitled to qualified immunity on the malicious prosecution claim. "To state a claim . . . for malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003). It is undisputed that after having arrested Droz, McCadden spoke with Herder to determine what charges were to be brought. Inasmuch as McCadden arrested Droz on the reasonable belief that Herder instructed him to do so, and he spoke with Herder to determine the charge to be brought against Droz, we conclude that there was probable cause

7

as a matter of law for instituting the proceeding.  McCadden is therefore entitled to qualified immunity.

Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

## CONCLUSION

For the foregoing reasons, the judgment of the district court is reversed and the cause remanded to the court with instructions that the motion for summary judgment be granted and Droz's remaining claims against McCadden be dismissed.