SUMMARY ORDER

Appellants Daniel Schneider and Jared Hatch appeal from a denial of a summary judgment motion entered by the United States District Court for the District of Vermont (Sessions III, J.) on February 12, 2009. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
*596 Typically, this court does not have jurisdiction to review a denial of summary judgment. Escalera v. Lunn, 361 F.3d 737, 742 (2d Cir.2004). Qualified immunity cases are the exception to the rule. Id. at 743. When a district court denies a summary judgment motion that is based on qualified immunity, this court may review the judgment “to the extent that the district court has denied the motion as a matter of law.” O’Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 38 (2d Cir.2003). A defendant may immediately appeal the denial if he adopts the plaintiffs version of the facts and argues that the plaintiffs version of the facts affords the defendant qualified immunity as a matter of law. Id. This court “may not review whether a dispute of fact identified by the district court is genuine.” Droz v. McCadden, 580 F.3d 106, 108 (2d Cir.2009) (internal quotation marks and citation omitted). Our review of the denial of summary judgment is de novo, and we accept all of the plaintiffs facts as true. Savino v. City of New York, 331 F.3d 63, 72 (2d Cir.2003).
Qualified immunity exists to protect government officials from liability for civil damages that arise from the reasonable execution of their official duties. Pearson v. Callahan, — U.S. —, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). A qualified immunity defense is available when “(a) the defendant’s action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.” Tierney v. Davidson, 133 F.3d 189,196 (2d Cir.1998). “Clearly established” means more than a generalized protection found within the constitution — the law in question must be particular enough to give the government officials “fair warning” that their behavior is over the line. Hope v. Pelzer, 536 U.S. 730, 740-41, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).
Excessive force is evaluated through Fourth Amendment doctrine, and we examine whether the force was excessive under an objective standard of reasonableness. Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir.2003). Even if the force is objectively unreasonable, an officer may still be eligible for qualified immunity if it was objectively reasonable for the officer to believe that her action did not violate clearly established law. Salim v. Proulx, 93 F.3d 86, 89 (2d Cir.1996). Qualified immunity protects officers “from the sometimes hazy border between excessive and acceptable force.” Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (internal quotation marks and citation omitted).
When we examine officers’ use of force, we must make “allowance[s] for the fact that the police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation.” Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). We assess those circumstances through careful examination of the facts of the particular arrest, “including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.” Id. at 396, 109 S.Ct. 1865.
In this case, Plaintiff Timothy Keene (“Keene”) concedes that the officers had probable cause to arrest him and that he resisted that arrest. He concedes that he refused multiple requests by the officer to place his hands behind his back. He concedes that he was repeatedly warned before Officer Schneider pepper sprayed him. He concedes that, once on the ground, he held his arms underneath him *597 to prevent the officers from putting handcuffs on him. He states that he only released his arms when he heard his daughter tell him to.
The law is clearly established that officers may use reasonable force to effectuate an arrest. See Muehler v. Mena, 544 U.S. 93, 98-99, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005). Under the circumstances, we find that the officers’ use of force, which resulted in minimal injuries and stopped immediately after Keene was handcuffed, did not violate clearly established law. Therefore, the officers were entitled to the qualified immunity defense, and the district court’s denial of them motion for summary judgment was in error.
For the foregoing reasons, the decision of the district court is REVERSED and it is hereby ORDERED that judgment be entered in the district court in favor of the defendants on all federal claims.