08-5388-cv
*Crenshaw v. City of Mount Vernon, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> LEWIS KAPLAN,
> > *District Judge*.[*]

_____

RODNEY CRENSHAW,

> *Plaintiff-Counter-Defendant-Appellee*,

v.                                                              No. 08-5388-cv

CITY OF MOUNT VERNON, MICHAEL GUTTMAN, Police Officer # 86, CHRISTOPHER HUTCHINS, Police Officer # 29, CHRISTOPHER KOEHNLEIN, Detective, KEN PERRY, Police Officer, WAYNE VANDEERPOOL, Detective, RICHARD CASTELHANO, Police Officer, JASON CONNLEY, Police Officer, JOHN AND JANE DOES

_____

[*] The Hon. Lewis Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1-10, the names being fictitious as the identities of those individuals are presently unknown, individually and in their official capacities as City of Mount Vernon Police Officers, and DRISCOLL, Detective,

<em>Defendants-Counter-Claimant-Appellants</em>,

ALEX DELLA DONNA, Police Officer,

<em>Defendant-Appellant</em>,

CYNTHIA THOMPSON, Detective,

<em>Defendant</em>.**

_____

| | |
|---|---|
| FOR APPELLANTS: | NICHELLE A. JOHNSON, for Helen M. Blackwood, Corporation Counsel, City of Mount Vernon, Mount Vernon, NY |
| FOR APPELLEE: | PAUL M. VILLANUEVA, Villanueva & Villanueva, PLLC, Scarsdale, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Yanthis, *M.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED IN PART** and that the judgment of the district court be **REVERSED IN PART** and **REMANDED**.

Defendants-Appellants, individual officers of the police force of the City of Mt. Vernon, New York, appeal from a September 30, 2008 memorandum and order of the United States District Court for the Southern District of New York (Yanthis, *M.J.*), granting in part and denying in part Defendants' motions for summary judgment on Plaintiff-Appellee Rodney Crenshaw's claims under

---

** The Clerk of Court is respectfully directed to amend the official caption as it appears above.

2

42 U.S.C. §§ 1983, 1986, and 1988 for false arrest, malicious prosecution, false imprisonment, denial of free speech, and retaliation. At issue in this appeal is the district court's denial of summary judgment based on qualified immunity to four officers: Appellant Officer Guttman for Crenshaw's claims relating to his arrest on November 14, 2003; Appellant Officer Perry for Crenshaw's claims relating to his arrest on February 4, 2004; Appellant Detective Driscoll for Crenshaw's claims relating to his detention on July 6, 2005; and Appellant Officer Hutchins for Crenshaw's claims relating to his detention on November 30, 2005.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review a district court's grant of summary judgment de novo, construing all facts in favor of the non-moving party. *See, e.g.*, *Caiozzo v. Koreman*, 581 F.3d 63, 68 (2d Cir. 2009). Summary judgment is appropriate upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We have jurisdiction to review a denial of qualified immunity under the collateral order doctrine if the denial 'turns on an issue of law.'" *Warney v. Monroe County*, 587 F.3d 113, 120 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1946 (2009)) (internal quotation marks omitted). When facts are disputed, we must view the facts in the light most favorable to the non-movant, and we may only resolve whether any dispute of fact is "material" as a matter of law, not whether it is "genuine." We may only decide whether the "stipulated facts, facts accepted for purposes of the appeal, or the

---

[1] The district court also denied qualified immunity to Officer Della Donna on Crenshaw's claims relating to his arrest on March 3, 2004. Because Appellants do not mention this incident or make any arguments relevant to claims against Officer Della Donna in their briefs on appeal, we deem any challenge to this aspect of the district court's decision to be waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Likewise, Crenshaw has not cross-appealed challenging the district court's grant of summary judgment in favor of the other defendants in the case, including the City of Mount Vernon, and the dismissal of his remaining claims.

plaintiff's version of the facts that the district judge deemed available for jury resolution" support the Appellants' immunity defense as a matter of law. *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996); *see also Finigan v. Marshall*, 574 F.3d 57, 60 n.2 (2d Cir. 2009).

A plaintiff may not recover for false arrest when the arresting officer had probable cause. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).[2] Probable cause to arrest "exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)) (internal quotation marks and alterations omitted). Our inquiry focuses on the "facts known to the arresting officer at the time of the arrest," *Zellner*, 494 F.3d at 369 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)) (internal quotation mark omitted), and we determine whether probable cause existed based on the "totality of the circumstances," *Illinois v. Gates*, 462 U.S. 213, 230 (1983). "[A] mistake about relevant facts . . . does not undermine the existence of probable cause." *Williams*, 535 F.3d at 79.

Even when probable cause for arrest did not exist, an officer is entitled to qualified immunity if he can show that there was "arguable probable cause" for the arrest. "Arguable probable cause . . . exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (per

---

[2] The existence of probable cause is also a defense to a malicious prosecution claim under § 1983. *See, e.g.*, *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (elements of malicious prosecution under New York law include whether the defendant initiated a prosecution "without probable cause to believe the proceeding can succeed").

4

curiam) (quoting *Zellner*, 494 F.3d at 369) (internal quotation marks omitted). In deciding whether arguable probable cause existed, we look to whether "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)) (internal quotation marks omitted). Even in situations in which an officer reasonably but mistakenly concludes that probable cause exists, "the officer is nonetheless entitled to qualified immunity." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002).

### 1. The November 14, 2003 Arrest: Claims Against Officer Guttman

The parties dispute several of the underlying facts of this incident, in which Crenshaw was arrested for disorderly conduct and Obstruction of Governmental Administration. *See* N.Y. Penal Law §§ 195.05; 240.20. It is undisputed, however, that Crenshaw told his niece not to cooperate with the officers' request for her identification, and that when Officer Guttman asked Crenshaw to leave the scene, Crenshaw refused, despite warnings from Guttman that if Crenshaw did not stop interfering with the officers' questioning of Crenshaw's niece, he would be arrested. It is also undisputed that a crowd of some thirty people had gathered at the scene by the time of Crenshaw's arrest.

An officer presented with these undisputed facts would have a reasonable belief that there was probable cause to arrest Crenshaw for disorderly conduct. The New York disorderly conduct statute forbids, among other conduct, "congregat[ing] with other persons in a public place and refus[ing] to comply with a lawful order of the police to disperse" while "recklessly creating a risk" of "public inconvenience, annoyance or alarm." N.Y. Penal Law § 240.20(6). Under this statute a person is guilty of committing disorderly conduct if he refuses to obey an officer's order to move,

5

unless the order was "purely arbitrary" and "not calculated in any way to promote the public order." *People v. Galpern*, 181 N.E. 572, 574 (N.Y. 1932); *see also Rivera v. City of N.Y.*, 836 N.Y.S.2d 108, 112 (1st Dep't 2007) (failure of protestors to disperse after lawful order to do so, even when protestors asserted right to remain, supported probable cause for disorderly conduct arrest); *cf. Zellner*, 494 F.3d at 375 (no probable cause existed for disorderly conduct arrest when there was no evidence in the record that plaintiff had received order to disperse). Crenshaw admits that he failed to leave when Officer Guttman requested that he do so. Crenshaw cannot argue that the Officer's request was arbitrary or not calculated to achieve public order, particularly because the request was in response to Crenshaw's admitted attempts to prevent his niece from answering the officers' questions. Officer Guttman therefore had "reasonably trustworthy information" to warrant a reasonable belief that Crenshaw had committed disorderly conduct, supporting probable cause to arrest him. *Williams*, 535 F.3d at 79. Officer Guttman was therefore entitled to qualified immunity.

### 2. The February 4, 2004 Arrest: Claims Against Officer Perry

At oral argument in this Court, counsel for Crenshaw indicated that he was "not contesting" Appellants' challenge to the district court's determination that Officer Perry was not entitled to qualified immunity. We independently conclude that the undisputed facts indicate that Perry did not violate Crenshaw's constitutional rights. Officer Perry is therefore entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (defendant is entitled to qualified immunity if "no constitutional right would have been violated were the allegations established").

### 3. The November 30, 2005 Detention: Claims Against Officer Hutchins

On this occasion, it is undisputed that Officer Hutchins recalled seeing an outstanding warrant for Crenshaw's arrest at police headquarters, and radioed to confirm that a warrant existed.

The dispatcher responded that it was "possible," and, while the warrant's existence was confirmed, Hutchins detained Crenshaw for approximately twenty minutes.

An officer's reasonable belief in the existence of an outstanding warrant justifies an investigatory stop of a person while the warrant's existence is confirmed. *See, e.g.*, *United States v. Santa*, 180 F.3d 20, 27 (2d Cir. 1999) (officer's objectively reasonable belief that outstanding warrant existed was probable cause for arrest); *cf. United States v. Hensley*, 469 U.S. 221, 232 (1985) (officers who stop a suspect in reliance on a flyer or bulletin that was issued on the basis of facts supporting reasonable suspicion themselves are justified in making the stop); *Whiteley v. Warden*, 401 U.S. 560, 568 (1971) (officers who stopped suspect in reliance on radio broadcast that was itself not supported by probable cause were "entitled" to act based on bulletin). Here, Officer Hutchins's testimony that he had seen the warrant for Crenshaw signed at police headquarters supports the conclusion that he reasonably believed the warrant existed; this belief was confirmed and bolstered by the dispatcher's statement that it was "possible" that the department had an outstanding warrant for Crenshaw. Hutchins's detention of Crenshaw while the dispatcher checked for the warrant was objectively reasonable under the circumstances, and therefore Hutchins was entitled to qualified immunity.

### 4. The July 6, 2005 Detention: Claims Against Detective Driscoll

In the July 6, 2005 incident, Crenshaw was detained by police after Detective Driscoll allegedly observed a narcotics transaction take place between Crenshaw and another man. Driscoll avers that he observed "what appeared to be a drug transaction" take place between the two men: the two men "engage[d] in a hand to hand transaction" in which "[Crenshaw] [took] cash in exchange for what appeared to be drugs . . . ." Driscoll Aff. ¶¶ 12-13. Driscoll radioed a description of the buyer to officers in a "pick-up team," who were unable to locate the man described. Driscoll

7

then radioed a description of the seller to the pick-up team and directed the team to Crenshaw's location; the team then stopped Crenshaw, who matched Driscoll's description of the seller, as he was crossing a street, and searched him for narcotics. Crenshaw was not arrested. Crenshaw, for his part, testified that he was riding a bicycle in the street at the location where he was detained, and that officers stopped him in the street and forcibly searched him. He denies "receiv[ing] drugs or pass[ing] drugs to any individuals" or "receiv[ing] currency in exchange for anything" at any time "at or around the location" of this incident. Crenshaw Aff. ¶ 17.

Here, the record only contains a sworn statement from Detective Driscoll that he observed a hand-to-hand transaction in which Crenshaw received cash. Crenshaw admits he was in the area, but denies the remainder of Driscoll's allegations, and, in particular, that he engaged in a transaction with another man and that he received any cash that day. Although normally a well-supported motion for summary judgment cannot be defeated by mere conclusory statements or denials of supported facts, *see, e.g.*, *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996), in an interlocutory appeal of a denial of summary judgment based on qualified immunity, we have jurisdiction over the appeal only "to the extent it is based on either the *undisputed* facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiff's] version of the events," *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003) (emphasis added); *see also O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003). A police officer's observation of what he reasonably believes to be a drug transaction in progress clearly supports a reasonable suspicion sufficient to stop the suspect for further investigation, *see, e.g.*, *United States v. Bayless*, 201 F.3d 116, 133 (2d Cir. 2000); *see also Terry v. Ohio*, 392 U.S. 1, 21-23 (1968), even if the officer is ultimately mistaken as to a fact underlying the stop, *United States v. Jenkins*, 452 F.3d 207, 212 (2d Cir. 2006) (vehicle stop

8

resulting in part from officers' mistaken belief that it lacked license plates was reasonable). Disregarding those allegations of Driscoll that contradict Crenshaw's version of the events, however, we are unable to conclude on the undisputed facts that Driscoll had reasonable suspicion to order the stop of Crenshaw, because whether reasonable suspicion existed necessarily depends on the disputed factual question of what Driscoll observed taking place on that day. *See, e.g.*, *Francis v. Coughlin*, 891 F.2d 43, 47 (2d Cir. 1989) (dispute regarding facts necessary to establish constitutional violation precluded summary judgment based on qualified immunity). We therefore lack appellate jurisdiction over the district court's decision denying qualified immunity to Detective Driscoll and must dismiss that portion of the appeal.

### 5. Conclusion

For the foregoing reasons, the portion of the appeal relating to the denial of summary judgment to Detective Driscoll is DISMISSED. As to all other Appellants herein discussed, the judgment of the district court is REVERSED. The case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk