10-4375-cv
Schultz v. The Incorporated Village of Bellport, *et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 1st day of May, two thousand twelve.

PRESENT:

> RALPH K. WINTER,
> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
>
> *Circuit Judges*

---

Thomas V. Schultz,

> *Plaintiff-Appellant*,

v.                                                                         10-4375-cv

The Incorporated Village of Bellport, Robert A. Green, Roger A. Terrel, Scott Augustine, Donald Mullins, Hugh Montgomery, Paul Bondachuck, Scott Rascelles, Officer Stewart #13,

> *Defendants-Appellees*,

Frank C. Trotta, Robert Lyons, III, John N. Orlando, J. Lee Snead, Adam R. Friedlander, Jane Doe Montgomery, wife of Hugh Montgomery,

> *Defendants*.

FOR PLAINTIFF-APPELLANT:          Michael P. Mangan, New York, NY.

FOR DEFENDANT-APPELLEE:          Kelly C. Spina, Miranda Sambursky Slone Sklarin
                                 Verveniotis LLP, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Thomas V. Schultz appeals from a judgment of the District Court granting the defendants' motion for summary judgment and dismissing his claims under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to substantive due process and for conspiracy to deprive him of this right.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

Schultz first argues that the District Court should have construed his Amended Complaint as advancing § 1983 claims for false arrest and malicious prosecution in violation of the Fourth Amendment. Schultz, who was represented by counsel, raised state-law claims of false arrest and malicious prosecution in his Amended Complaint, but pursuant to a stipulation between the parties, the District Court ordered these and other state-law claims dismissed with prejudice. Therefore, as Schultz's attorney expressly conceded at oral argument on defendants' motion for summary judgment, the only claims before the District Court were "a substantive due process claim based upon an alleged deprivation of liberty interest . . . and a conspiracy claim."

It is well established that, as a general rule, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Schultz urges us to exercise our discretion to consider his false-arrest and malicious-prosecution claims for the first time on appeal because they "raise serious constitutional issues involving a group of high-ranking local government officials' acts to prevent a competitor from succeeding in an election against them," and

---

[1] Out of "an abundance of caution," the District Court also considered whether Schultz could survive summary judgment on a procedural due process claim, notwithstanding the absence of such a claim in the Amended Complaint. The District Court concluded that, even if Schultz had advanced a claim for violation of his procedural due process rights, there was no support for such a claim and it was therefore dismissed. Schultz does not appeal this aspect of the District Court's judgment.

2

would require no further factual development. We decline to do so. Though the matter is undoubtedly of exceptional importance to Schultz, we respectfully doubt that our intervention is required to correct a grave injustice. Furthermore, as Schultz himself concedes, he conducted little or no discovery; we are therefore skeptical that we could adequately address these new claims on the current record. Accordingly, we decline to review Schultz's newly advanced § 1983 claims for false arrest and malicious prosecution.

## II.

Schultz also argues that the District Court erred in dismissing the claims that *were* before it—namely, his substantive due process claim and conspiracy claim, both brought pursuant to § 1983.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Following a *de novo* review of the record, we affirm for substantially the same reasons stated by the District Court in its careful Memorandum and Order of September 30, 2010. *See Schultz v. Inc. Vill. of Bellport*, No. 08-cv-930, 2010 WL 3924751 (E.D.N.Y. Sept. 30, 2010).

Schultz's substantive due process claim was based on the defendants' alleged infringement of his right to choose his own field of private employment. He alleged that, as a result of the defendants' conduct, "he had to close his business due to extraordinary decline in patronage." However, as the District Court observed, this type of due process claim requires a showing that the plaintiff has been *prevented* from exercising his right to choose his own employment. *See, e.g., Conn v. Gabbert*, 526 U.S. 286, 291–92 (1999) (recognizing that cases in this area "all deal with a complete prohibition of the right"). Here, even if it could be inferred that the defendants' actions damaged Schultz's business, there is no evidence from which a rational jury could conclude that they directly blocked him from participating in his chosen line of work.

3

Because Schultz was unable to establish an underlying violation of his constitutional rights (and because we have declined his invitation to exercise our discretion to consider his newly raised claims for false arrest and malicious prosecution), his conspiracy claim and newly advanced *Monell*[2] claim necessarily fail as well. *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails."); *Segal* v. *City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

## CONCLUSION

We have considered all of Schultz's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).