19-963
*Walker v. Fitzpatrick*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty.

PRESENT:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge.*\*

---

NANCY RODRIGUEZ WALKER,

> *Plaintiff-Appellant*,

> v.                                                                 No. 19-963

WILLIAM J. FITZPATRICK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF ONONDAGA COUNTY; MELINDA MCGUNNIGLE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS SENIOR ASSISTANT DISTRICT ATTORNEY OF ONONDAGA COUNTY; ESTATE OF THE HON. JAMES C. TORMEY; HON. JAMES P. MURPHY, IN HIS OFFICIAL CAPACITY AS DISTRICT ADMINISTRATIVE

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

JUDGE OF THE FIFTH JUDICIAL DISTRICT OF THE
UNIFIED COURT SYSTEM OF THE STATE OF NEW
YORK; AND MICHAEL A. KLEIN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS DISTRICT
EXECUTIVE OF THE FIFTH JUDICIAL DISTRICT
OF THE UNIFIED COURT SYSTEM OF THE STATE
OF NEW YORK,

      *Defendants-Appellees.*[†]

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | William D. Frumkin, Elizabeth E. Hunter, Frumkin & Hunter, White Plains, NY. |
| FOR DEFENDANTS-APPELLEES: | Robert A. Durr, County Attorney, Carol L. Rhinehart, Deputy County Attorney, Onondaga County Attorney's Office, Syracuse, NY (for Fitzpatrick and McGunnigle); |
| | Robert J. Smith, Elizabeth A. Hoffman, Costello, Cooney & Fearon, PLLC, Syracuse, NY (for Tormey); |
| | Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Jennifer L. Clark, Assistant Solicitor General, of Counsel, *for* Letitia James, Attorney General of the State of New York, Albany, NY (for Klein). |

Appeal from the judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

_____

[†] The Clerk of Court is directed to amend the caption as shown above. The Court has been informed that the Honorable James C. Tormey died in June 2019, during the pendency of this appeal, and that the Honorable James P. Murphy has replaced Judge Tormey as District Administrative Judge of the Fifth Judicial District. Accordingly, under Fed. R. App. P. 43(a)(1) and 43(c)(2), Judge Tormey's estate is now named as a defendant insofar as he was sued in his individual capacity, and Judge Murphy is now named as a defendant in his official capacity.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 14, 2019, is **AFFIRMED**.

Plaintiff-Appellant Nancy Rodriguez Walker ("Walker") appeals from the decisions and orders of the district court (Kahn, *J.*) granting in part the motion to dismiss of Defendant-Appellee William J. Fitzpatrick ("Fitzpatrick"), granting in full the motions to dismiss of Defendants-Appellees James C. Tormey ("Tormey") and Michael A. Klein ("Klein"), and granting in full the motions for summary judgment of Fitzpatrick and Defendant-Appellee Melinda McGunnigle ("McGunnigle"). During the relevant period, Tormey and Klein (together, the "Judicial Defendants") were, respectively, District Administrative Judge of the New York Fifth Judicial District and District Executive of the Fifth Judicial District. Fitzpatrick and McGunnigle (together, the "DA Defendants") were, respectively, District Attorney of Onondaga County, New York, and Senior Assistant District Attorney of Onondaga County.

This statement of facts is drawn from the allegations of the complaint. Starting in 1993, Walker worked as a Spanish-language court interpreter for the District Attorney's office and for the state court system in Onondaga County, New York. Walker performed this independent-contractor work after receiving a court interpreter certification from the New York Office of Court Administration and after being placed on the Per Diem Court Interpreter Registry (the "Registry"). The certification process requires fingerprinting, a criminal background check, and achieving a passing grade on written and oral language proficiency exams.

In 2012 and 2013, Walker was arrested, indicted, and tried in Onondaga County on charges that she had unlawfully disclosed grand jury information gleaned in relationship to her work for the District Attorney's Office as an interpreter. On August 29, 2013, Walker was acquitted of the charges after a jury trial. The due-process claims that are the subject of this appeal arise from her removal from the Registry in 2012, after the accusation was lodged, and her reinstatement to the Registry in 2014, nearly a year after her acquittal. Her reinstatement was accompanied by an administrative bar placed as described below on hiring

3

her for all Onondaga County criminal court interpreting work. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the district court's judgment.

### a. *Motion to Dismiss: Property Claim Against All Defendants*

Walker argues that the district court erred in granting Defendants' motions to dismiss her procedural due process claim alleging deprivation of property without due process of law under the Fourteenth Amendment and 42 U.S.C. § 1983. We review *de novo* a district court order granting a motion to dismiss, accepting all facts alleged in the complaint as true. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019).

Upon due consideration, we conclude that Walker has failed to plead facts amounting to the deprivation of a property interest protected by the Fourteenth Amendment. We agree with the district court that Walker had no protected interest in her work as an independent contractor, because even employees who are not tenured and engaged in at-will employment do not enjoy any such protection—and independent contractors have an even lower expectation of continued employment. *See Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002) ("Employees at will have no protectable property interest in their continued employment."). Therefore, Walker's 2012 removal from the Registry and the delay before her 2014 reinstatement to the Registry—which meant over a year of lost independent contractor work opportunities—do not amount to an actionable deprivation of a protected property interest. Walker points to no authority suggesting that the time that passed between her acquittal by the jury and the restoration of her name to the Registry reflected an unconstitutional deprivation.

We also agree with the district court that the administrative decision to disallow Walker from working on criminal cases in Onondaga County post-reinstatement did not amount to a deprivation of a protected property interest. Walker argues that this administrative decision deprived her of the meaningful use of her state-issued interpreter certification. In support, she cites a 2014 decision issued in the Northern District of New York, *Mudge v. Zugalla*, No. 1:13-CV-891, 2014 WL 2453353 (N.D.N.Y. June 2, 2014).

4

Applying New York law with respect to the property interest alleged, the *Mudge* court held that a substitute teacher "ha[d] a protected interest in the meaningful opportunity to seek employment pursuant to his state-issued teaching license." *Id.* at *4. Our Court later determined that the *Mudge* defendants were entitled to qualified immunity because the identified interest was not clearly established at the time that the complained-of acts occurred. *Mudge v. Zugalla*, 939 F.3d 72, 80 (2d Cir. 2019) ("The constitutional right to the meaningful use of a teaching license has not been recognized by the Supreme Court or by this Court; it has, as noted, been adopted by federal-district and state courts only. In the qualified immunity context, that is insufficient to constitute 'clearly established' law.").

Our Court in *Mudge* thus held only that the entitlement was not "clearly established"—not that the acts taken were lawful. *See id.* In our view, *even if* such a standard applied here and *even if* an interpreter certification confers property rights similar to those conferred by a teaching license, Walker has failed to plead that her work opportunities were meaningfully restricted by Defendants' actions. The administrative decision affected Walker's work opportunities only in Onondaga County criminal courts. Interpreting work in the civil courts in Onondaga County and the criminal and civil court in other counties in the Fifth Judicial District (as well as in other Districts) remained available to Walker. While the restriction imposed may have materially harmed Walker insofar as less civil work was available and she needed to travel further for criminal work, Walker cites no case law in this Circuit or others establishing that a limited restriction on the use of a certification such as hers creates a harm of constitutional magnitude (unless, of course, the restriction is imposed for unconstitutional reasons). Accordingly, we affirm the district court's dismissal of Walker's property deprivation claim.

b. *Motion to Dismiss: Stigma-Plus Claim Against Judicial Defendants*

Walker contends that the district court erred in dismissing her claims against the Judicial Defendants for deprivation of a liberty interest in her reputation without due process of law. This is a so-called "stigma-plus" claim. To be sustained on a motion to dismiss, the plaintiff must plausibly plead the existence of a stigmatizing statement that is "coupled with

5

the loss of governmental employment or deprivation of a legal right or status, such as a loss of job opportunities." *Abramson*, 278 F.3d at 103. We focus on the first requirement.

An actionable stigmatizing statement is one that

call[s] into question plaintiff's good name, reputation, honor, or integrity. Statements that denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession may also fulfill this requirement.

*Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004) (citations and internal quotation marks omitted). The stigmatizing statement must be made public to support such a claim. *See id.*

Walker first alleges that a July 1, 2014 email sent by Klein to Fifth Judicial District judges and staff "informing them of an administrative decision regarding Plaintiff and instructing them not to assign Plaintiff to their cases and/or proceedings in their chambers," Joint App'x 41 ¶ 93, is such a stigmatizing statement. However, this plain statement of an administrative decision does not, standing alone, "call into question plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional." *Patterson*, 370 F.3d at 330. Rather, it merely describes one aspect of what Walker argues amount to the "plus" element of her claim, *i.e.*, a "loss of job opportunities." *Abramson*, 278 F.3d at 103. The July 1 email is not an actionable stigmatizing statement.

Walker next alleges that an August 8, 2014 confidential letter from Klein to Walker's counsel regarding the administrative decision not assign Walker to criminal cases is an actionable stigmatizing statement. However, Walker did not plead that this letter was made public. Walker also did not allege that the letter became part of her personnel file, or that prospective employers would have access to the letter, or any other way in which the letter plausibly can be seen as a public statement. *See Brandt v. Bd. of Coop. Educ. Servs., Third Supervisory Dist.*, 820 F.2d 41, 45 (2d Cir. 1987) (holding that a liberty interest was implicated "where stigmatizing charges were placed in the employee's personnel file and were likely to be disclosed to future employers and deprive the employee of job opportunities"). The August 8 letter also fails to support a stigma-plus claim.

Accordingly, Walker has failed to allege an actionable stigmatizing statement made by the Judicial Defendants. We affirm the district court's dismissal of this claim.

    c.   *Motion to Dismiss: Conspiracy Claim Against All Defendants*

Walker avers that the district court incorrectly dismissed her section 1983 conspiracy claim against all Defendants. However, we have held that when none "of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009), *as amended* (Oct. 7, 2009). Because, as discussed above, the district court correctly dismissed Walker's property and liberty due process claims, the derivative conspiracy claim also fails.[1]

    d.   *Summary Judgment: Stigma-Plus Claim Against DA Defendants*

Walker's stigma-plus claim against Fitzpatrick survived Fitzpatrick's motion to dismiss. Walker added McGunnigle as a defendant after the district court ruled on her motion to dismiss, but the district court ultimately awarded summary judgment to both DA Defendants on Walker's stigma-plus claim. On appeal, Walker contends that the district court erred. This court reviews *de novo* the district court's award of summary judgment, drawing all factual inferences in favor of Walker as the non-moving party. *See Miller v. Wolpoff & Abramson L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

In *Velez v. Levy*, this Court held that no stigma-plus action could lie against defendants who made stigmatizing statements but did not have "the power to provide process to the plaintiff." 401 F.3d 75, 93 (2d Cir. 2005). We explained, "They did not undertake or oversee the investigation, and they could order neither pre-removal review nor post-removal remedies. As a consequence they cannot be held legally accountable for the alleged process failure." *Id.* Other defendants could not be liable, we ruled, because they "had no legal authority to bring about [the plaintiff's] ouster." *Id.* The same is true here.

---

[1] Walker contends that the district court erred in denying her motion for leave to amend her complaint for the second time to restate a conspiracy claim. We review the denial of a motion for leave to amend a complaint for abuse of discretion. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). We perceive no such abuse here. With no due process claims against Defendants remaining, an amendment to restate a conspiracy claim would be futile.

Walker's claim for damages based on her alleged loss of a protected liberty interest without due process of law cannot lie against defendants who had neither the power to provide process to her nor the power to inflict the deprivation. Only persons in the Fifth Judicial District administration—the Judicial Defendants—had the power to provide process such as an investigation and a pre- or post-deprivation hearing and to decide in what manner Walker could work as an interpreter. Accordingly, we affirm the judgment of the district court dismissing Walker's stigma-plus claims against the DA Defendants.

\*　　\*　　\*

We have considered all of Walker's remaining arguments and conclude that they are without merit. The district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8