Malarczyk v. Lovgren

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

ROBERT MALARCZYK,

*Plaintiff-Appellant*,

v.                                        No. 22-504

TROOPER ERIC P. LOVGREN, sued both in their individual capacity and official capacity as a Trooper with the New York State Police, TROOPER BRIAN C. DIPASQUALE, sued both in their individual capacity and official capacity as a Trooper with the

1

New York State Police, JOHN DOE OFFICERS 1-5, their true names and identities presently unknown, acting in both their Official and Unofficial capacities,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:      ADRIENNE B. KOCH (Joshua David Riegel, *on the brief*), Katsky Korins LLP, New York, NY

FOR DEFENDANTS-APPELLEES:      FRANK BRADY (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General, New York State Office of the Attorney General, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Robert Malarczyk appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*)

2

granting summary judgment in favor of Defendants-Appellees Trooper Eric P. Lovgren and Trooper Brian C. DiPasquale (collectively, the "Troopers"). On appeal, Malarczyk argues that the District Court erred by: (1) deeming undisputed the facts asserted in the Troopers' statement submitted pursuant to Rule 56.1 of the Local Rules of Practice of the United States District Court for the Northern District of New York ("Local Rule 56.1"), and (2) granting summary judgment in favor of the Troopers and dismissing his malicious prosecution claim under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). We therefore review that determination for abuse of discretion. "We review [a] district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party." *Id.* at 69.

Malarczyk first asserts that the District Court should not have accepted the Troopers' Local Rule 56.1 statements as either undisputed or admitted. Local

3

Rule 56.1 states, in relevant part, that the party opposing summary judgment must file a "response [that] mirror[s] the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises." N.D.N.Y. L.R. 56.1(b) (2021 ed.). Local Rule 56.1 further provides that a district court "<u>may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert</u>." *Id.*

Here, Malarczyk, who was represented by counsel, did not comply with Local Rule 56.1 because his Local Rule 56.1 statement failed to admit or deny the Troopers' proffered facts in "matching numbered paragraphs" and, with respect to the essential material facts, did not provide citations showing that there was a disputed material fact.[1] And even though the Troopers pointed out Malarczyk's non-compliance with Local Rule 56.1 in their reply in support of their motion for summary judgment, Malarczyk did not attempt to remedy it. Under those circumstances, the District Court acted within its discretion when it deemed

---

[1] Malarczyk concedes that his Rule 56.1 statement "did not comply with the Rule's requirement that it respond point-by-point to the Troopers' statement with references to record evidence showing that their factual assertions were disputed." Appellant's Br. 23–24.

admitted the facts asserted in the Troopers' Local Rule 56.1 statement because they were not specifically controverted by Malarczyk in the manner demanded by Local Rule 56.1. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009); Fed. R. Civ. P. 56(e)(2). Accordingly, we review the District Court's summary judgment decision based on the facts set forth in the Troopers' Rule 56.1 statement, which were deemed admitted, as well as any properly supported facts offered by Malarczyk that the District Court considered in its decision.

Malarczyk next challenges the dismissal of his malicious prosecution claim. To succeed on a claim for malicious prosecution, a claimant must show that "there was no probable cause for the proceeding." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009). "Probable cause to prosecute is a complete defense to a claim of malicious prosecution . . . [but] "such probable cause must be shown as to each crime charged in the underlying criminal action." *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021) (citation omitted). Probable cause exists when "the arresting officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016)

5

(cleaned up). If probable cause existed at the time of an arrest, it continues to exist at the time of prosecution unless it is undermined "by the discovery of some intervening fact." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003).

We agree with the District Court that probable cause existed to support Malarczyk's prosecution. Malarczyk was charged with: (1) driving while intoxicated; (2) running a red light; (3) consuming or possessing alcohol in a motor vehicle; and (4) moving unsafely from a lane. According to the record, when Lovgren arrived on the scene, DiPasquale told Lovgren that he observed Malarczyk run a red light, fail to maintain his lane while driving, and throw away a beer can that fell out of the driver's side door of Malarczyk's car and spilled liquid onto the ground. Lovgren was entitled to rely on DiPasquale's statements to determine whether probable cause existed. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (noting that "when making a probable cause determination," officers are "entitled to rely on the allegations of fellow police officers"). Lovgren then personally observed the beer can and Malarczyk's bloodshot eyes, smelled alcohol on Malarczyk's breath, and confirmed that Malarczyk had driven the car. In light of these facts, probable cause existed at the time of Malarczyk's arrest for each of the charges against

6

him. Furthermore, probable cause continued to exist at the time of Malarczyk's prosecution because Malarczyk failed to point to the "discovery of some intervening fact" that undermined the probable cause that existed at the time of his arrest. *See Kinzer*, 316 F.3d at 144. Accordingly, the District Court did not err in granting summary judgment in favor of the Troopers and dismissing Malarczyk's malicious prosecution claim.

We have considered Malarczyk's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7