09-2017-cv
*Old St. George's LLC, et al. v. Bianco, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of July, two thousand and ten.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> DAVID G. TRAGER,
> > *District Judge*.[*]

_____

OLD ST. GEORGE'S LLC, ATK CONSULTING INC., and THOMAS DECHIARO,

> *Plaintiffs-Appellants*,

> v.                                                    (09-2017-cv)

NICHOLAS BIANCO, individually; LOUIS CAMPISI, individually; LINDA COOPER, individually; BRUCE BARBER, individually; JOHN TEGEDER, individually; WILLIAM D. GREGORY, individually; TOWN OF YORKTOWN; GEORGE OROS, individually; and COUNTY OF WESTCHESTER,

> *Defendants-Appellees*.

_____

---

[*] The Hon. David G. Trager, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS: ANDREW J. CAMPANELLI, Campanelli & Associates, P.C., Mineola, NY.

FOR DEFENDANTS-APPELLEES: BRIAN SOKOLOFF, Sokoloff Stern LLP, Westbury, NY, *for Nicholas Bianco*.

RALPH F. SCHOENE, Vouté, Lohrfink, Magro & Collins, LLP, White Plains, NY, *for Linda Cooper*.

KAREN LEE WAGNER, Wormser, Kiely, Galef & Jacobs, LLP, White Plains, NY, *for Bruce Barber, John Tegeder, William D. Gregory, and the Town of Yorktown*.

MARTIN G. GLEESON, Associate County Attorney (Stacey Dolgin-Kmetz, Chief Deputy County Attorney, *on the brief*), for Charlene M. Indelicato, Westchester County Attorney, White Plains, NY, *for George Oros and County of Westchester*.

William H. Bave, Jr., Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY, *for Louis Campisi*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Smith, *M.J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs-Appellants Thomas DeChiaro and the closely held companies of which he is principal, Old St. George's LLC and ATK Consulting Inc. (collectively "appellants"), appeal from a May 8, 2009 decision and order of the United States District Court for the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*) dismissing appellants' complaint alleging violations of 42 U.S.C. § 1983 against defendants-appellees, individual officers of the Town of Yorktown, New York; the Town itself; Westchester County, New York; and a county legislator.

2

We assume the parties' familiarity with the facts and procedural history of the case, as well as with the issues presented on appeal.

We review the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, taking the complaint's "factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). We need not credit "legal conclusions" in the complaint or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks and alteration omitted). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

With respect to appellants' claims for denial of procedural and substantive due process, we detect no error in the district court's resolution of these claims and therefore affirm their dismissal for substantially the reasons set forth in the district court's thorough and well-reasoned opinion. *See Old St. George's LLC v. Bianco*, No. 08 Civ. 5321, slip op. at 12-19 (S.D.N.Y. May 8, 2009). Because appellants do not raise any arguments on appeal relating to the district court's dismissal of all constitutional claims against Westchester County and appellants' state law claim for breach of the covenant of good faith, we deem any challenge to those rulings to be waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Finally, with respect to appellants' claims relating to the alleged interference by officials of the Town of Yorktown with appellants' ability to access

3

the Town's public records, we agree with the district court that the complaint alleges, at best, only a violation of New York's Freedom of Information Law, and not a federal constitutional claim. "[A] violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985).

We also affirm the dismissal of appellants' First Amendment retaliation claims. The claim pursued on appeal alleges that appellees thwarted DeChiaro's ability to seek inclusion of his property in a New York State "Agricultural District," in violation of appellants' rights to petition the government for redress of grievances. To state a First Amendment retaliation claim a plaintiff must adequately plead that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010) (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). The district court concluded that DeChiaro had not engaged in any conduct protected by the First Amendment. This is a question that has not been resolved by our Circuit, and we do not resolve it here. Instead, we conclude that appellants' complaint is deficient in two other respects.

First, the complaint alleges no "actual chill" in DeChiaro's speech caused by appellee's alleged actions. *See, e.g.*, *Kuck*, 600 F.3d at 168; *Curley*, 268 F.3d at 73. Second, the complaint does not plausibly allege that DeChiaro's decision to seek inclusion into the Westchester Agricultural District "motivated or substantially caused" any of the adverse actions complained of. *See Kuck*, 600 F.3d at 168 (noting that a retaliation claim requires "a causal connection between the adverse action and the protected speech"). With respect to the allegation that appellees somehow caused the County to "abstain" from rendering a decision on DeChiaro's application, the County's

4

initial recommendation that DeChiaro's land be included in the Agricultural District indicated that inclusion was contingent on DeChiaro making "a good faith effort to secure all local permits and approvals." App'x at 164. The complaint nowhere alleges that DeChiaro made any applications to the Town for any such permits, even though the complaint does allege that DeChiaro was instructed to do so by a Town official if he wanted the development of his property to go forward. Thus it is, at best, just as plausible that the County failed to act on DeChiaro's Agricultural District application for the perfectly lawful reason that he failed to seek the required local permits and approvals than for any unlawful reason. *See Iqbal*, 129 S. Ct. at 1949. With respect to the allegation that appellees took various other retaliatory actions against DeChiaro, the complaint does not allege other than in conclusory fashion that these actions were motivated by DeChiaro's Agricultural District application, and includes no other facts, such as a chronology of events, that would lend plausibility to the allegations.

Finally, because the complaint fails to state a claim for violations of § 1983, the conspiracy claim must also necessarily fail. *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009).

We have considered appellants' remaining arguments on appeal relevant to our disposition and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk