11-729-cv
Wilson v. City of N. Y. et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April,  two thousand twelve.

PRESENT:   JOHN M. WALKER, JR.,
             CHESTER J. STRAUB,
             GERARD E. LYNCH,
                         *Circuit Judges.*

_____

JEREMY WILSON,
                         *Plaintiff-Appellant*,

               v.                                              No. 11-729-cv

CITY OF NEW YORK, SETH LAYNE, Detective, Shield #3302, CHRISTOPHER SEIBOLD, Shield # 5580, JAMES A. WEST,
                         *Defendant-Appellee*,

BIRGIT KOLLMAR,
                         *Defendant*.
_____

FOR APPELLANT:        SANFORD YOUNG (Law Office of David Zelman, Brooklyn, NY, *on the brief*), Law Offices of Sanford F. Young, P.C., New York, NY.

FOR APPELLEES:        MORDECAI NEWMAN (Larry A. Sonnenshein, Michael Chestnov, *on the brief*), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Jeremy Wilson was charged with involvement in an early morning shooting on March 9, 2003, at a Times Square arcade at which hundreds of people were present. Eight people sustained gunshot wounds; approximately seven others suffered other injuries, including knife wounds. Wilson, who belonged to a group identified as including the shooter or shooters, left the arcade in a police transport and was eventually formally arrested, charged, and detained in anticipation of trial. After two and one-half years of pre-trial detention, the state dropped all charges against him and he was released.

Wilson then sued defendants-appellees, alleging false arrest, recklessness, and malicious prosecution, in violation of state and federal law, and violation of Wilson's state constitutional rights. After discovery, appellees moved for summary judgment on all claims. Wilson opposed the motion and cross-moved for summary judgment on the false arrest claims. The district court denied both Wilson's and appellees' motion with respect to the false arrest claims, and granted appellees' motion with respect to remaining claims. The parties have since settled the false arrest claims.

Wilson appeals the district court's decision, arguing inter alia that the district court erred by granting summary judgment with respect to Wilson's contentions regarding pre-

2

arraignment detention, post-arraignment/pre-trial detention, and malicious prosecution. For the reasons that follow, we affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review a grant of summary judgment de novo, construing the record in the light most favorable to the non-moving party." Hoyt v. Andreucci, 433 F.3d 320, 327 (2d Cir. 2006) (internal quotation marks omitted). "We will affirm the district court's grant of summary judgment only if, taking all of the plaintiff's evidence as true and drawing all inferences in plaintiff's favor, we find that no reasonable juror could conclude that [Wilson] has established that the defendants violated his constitutional rights under circumstances subjecting them to liability under § 1983." Russo v. City of Bridgeport, 479 F3d 196, 203 (2d Cir. 2007); see also Fed. R. Civ. P. 56(a).

I. Pre-arraignment Detention

Wilson argues that his pre-arraignment detention of at least 84 hours violated state and federal law, which generally presume that delays longer than 48 hours in presenting arrestees to a court for arraignment are "unreasonable." County of Riverside v. McLaughlin, 500 U.S. 44, 57 (1991). However, Wilson's Fourth Amended Complaint referenced "excessive detention" only in passing, and did not include an excessive-detention allegation among his listed claims. The passing references to excessive detention did not specify whether the reference was to his two-and-a-half years in pre-trial detention or to the delay in his arraignment.

The district court liberally construed the Fourth Amended Complaint to include a

claim for excess detention independent of the claim for malicious prosecution, and applied that claim to the two and one-half year pre-trial detention generally, deeming any claim for relief for pre-arraignment detention as waived. The district court did not err in this generous reading of an ambiguous complaint. The complaint focuses on the Wilson's alleged false arrest and prolonged pre-trial detention, but makes no reference to an excessive delay in arraignment. Indeed, the complaint contains no factual allegation regarding the length of his detention before being arraigned, or the times at which he was arrested or presented in court. Wilson's first effort to assert this claim apparently occurred in his papers opposing the summary judgment motion. Because we agree with the district court that it is "inappropriate to raise new claims for the first time in submissions in opposition to summary judgment," we conclude that Wilson waived any claim for excessive pre-arraignment detention.

II. Pre-trial Detention

Wilson next claims that the prolonged period of his pre-trial detention violated his due process rights. We have previously held that "when [pre-trial] detention becomes 'excessively prolonged,' it may no longer be reasonable in relation to the regulatory goals of detention, in which even a violation of due process occurs." United States v. Millan, 4 F.3d 1038, 1043 (1993), quoting United States v. Salerno, 481 U.S. 739, 747 n.4 (1987). However, the constitutional right at issue in Millan is the right to bail pending trial when pre-trial detention is found to be excessive; the case does not suggest that prolonged pre-trial detention can support a claim for monetary damages. Morever, to the extent that a

4

criminal defendant believes that his pre-trial detention has extended beyond what is reasonable, he has a remedy in the form of an application for bail to the court in which charges are pending. It is the court that is responsible for deciding whether and for how a defendant may be detained, not the defendant police officers. "[I]n the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment," the "intervening exercise" of such judgment by the prosecutor, grand jury, and/or judge breaks the chain of causation for purposes of § 1983 liability for the plaintiff's incarceration. Townes v. City of N.Y., 176 F.3d 138, 147 (2d Cir. 1999).

Wilson's reliance on Russo v. City of Bridgeport is unavailing. Russo had been arrested for his alleged robbery of a convenience store after the store clerk selected him from a photographic lineup. Russo, 479 F.3d at 199. Russo, however, had extensive tattoos on his arms, hands, and neck; the perpetrator of the robbery, as depicted in the surveillance video under the defendants' exclusive control, did not. Id. at 199-200. The defendants failed to turn over the exculpatory evidence to either the prosecutor or the defense for a period of over 200 days. We held that criminal defendants have a right to be protected from "a sustained detention stemming directly from the law enforcement officials' refusal to investigate available exculpatory evidence" particularly where the officials "retain[] sole custody of the [exculpatory] evidence . . . ." Id. at 208.

The factual allegations in this case are not similar to those in Russo. Here, most of the evidence was testimonial, and while the evidence was conflicting, some of it

5

specifically identified Wilson as a non-shooter accomplice. The later developments that caused the prosecutor to dismiss charges against Wilson – including challenges to witnesses' credibility – occurred well after the appellees no longer controlled Wilson's detention. For these reasons, the district court did not err in determining that the officers could not be held liable for Wilson's detention.

## III. Malicious Prosecution

The district court properly granted appellees summary judgment with respect to both the state and federal malicious prosecution claims, which are subject to an identical analysis. Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003). The elements of a malicious prosecution claim are: (1) the defendant commenced or continued a criminal proceeding against the plaintiff; (2) the proceeding terminated in favor of the plaintiff; (3) there was no probable cause for the proceeding; and (4) the defendant acted with malice. Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009). All four elements are required to sustain a claim of malicious prosecution.

Wilson cannot establish the absence of probable cause for the proceeding. Wilson's indictment by the grand jury creates a presumption that his prosecution was supported by probable cause. McClellan v. Smith, 439 F.3d 137, 145 (2d Cir. 2006). This presumption can only be overcome with evidence that "the indictment was secured by fraud, perjury, the suppression of evidence or other bad faith police conduct." Boyd, 336 F.3d at 77. Wilson fails to overcome this presumption, and argues instead that probable cause – notwithstanding the grand-jury indictment – "dissipated" during the

6

duration of the detention in light of new evidence adduced at the trials of Wilson's then-co-defendants.

Even assuming arguendo that probable cause can "dissipate" after the grand jury indictment has been filed, the decision to continue prosecution after the new evidence came to light was made by the assistant district attorney and the court, not by appellees. Accordingly, the district court did not err in granting summary judgment to appellees, none of whom had control over Wilson's case during the time in which the strength of the evidence against Wilson weakened.

We have considered Wilson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the district court's decision is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7