*Creese v. City of New York*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty.

PRESENT:  JOHN M. WALKER, JR.,
　　　　　　GERARD E. LYNCH,
　　　　　　RICHARD J. SULLIVAN,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

JANEKA CREESE, DEBRA CREESE,

　　　　*Plaintiffs-Appellants*,

　　　v.　　　　　　　　　　　　　　　　　　No. 19-2502-cv

THE CITY OF NEW YORK, P.O. JELINSON MARTINEZ SHIELD NO. 301, P.O. JOHN DOE NO. 1 THROUGH 10, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS EMPLOYEES OF THE CITY OF NEW YORK,

*Defendants-Appellees.*[*]

-------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS: KALEN H. PRUSS, Student Counsel (Maxwell E. Hamilton, Student Counsel, Brian Wolfman, Bradley Girard, *on the brief*), Georgetown Law Appellate Courts Immersion Clinic, Washington, DC.

Amy Rameau, *on the brief*, The Rameau Law Firm, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES: MELANIE T. WEST, Assistant Corporation Counsel (Richard Dearing, Devin Slack, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REVERSED** and **REMANDED** in part.

Plaintiffs-Appellants Janeka Creese ("Janeka") and Debra Creese ("Debra") (together, the "Creeses") appeal from a judgment of the district court (Ross, *J.*)

---

[*] The Clerk of Court is respectfully requested to amend the caption as set forth above.

2

granting summary judgment to the City of New York, Police Officer Jelinson Martinez, and several unnamed employees of the New York City Police Department (collectively, "Appellees") on the Creeses' claims for false arrest, malicious prosecution, and deprivation of the right to a fair trial arising from their arrests and resulting prosecutions for selling alcohol to underage persons. The Creeses contend that the district court erred in granting summary judgment because there were genuine disputes of material facts as to each of the claims, and that "Martinez's decision to arrest Debra was objectively unreasonable." Creeses' Br. at 25. We disagree with respect to all but Debra's false arrest claim, as to which we reverse the grant of summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review "*de novo* a decision on a motion for summary judgment." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013).

I. The District Court Correctly Granted Summary Judgment on Janeka's False Arrest Claim, But Erred On Debra's False Arrest Claim

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)

3

(internal quotation marks omitted). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* (internal quotation marks and alteration omitted). The inquiry is based on the "totality of the circumstances." *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989). In determining whether an officer had probable cause, we may consider only "those facts available to the officer at the time of the arrest and immediately before it." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (emphasis omitted) (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002)).

Even in the absence of probable cause, however, a police officer may be "entitled to qualified immunity where '(1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was "objectively reasonable" for him to believe that his actions were lawful at the time of the challenged act.'" *Jenkins*, 478 F.3d at 87 (quoting *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir. 2001)). In the context of a false arrest claim, a defendant has qualified immunity "if there was 'arguable' probable cause at the time of arrest – that is, if 'officers of reasonable competence could

disagree on whether the probable cause test was met.'" *Id.* (quoting *Lennon v. Miller*, 66 F.3d 416, 423–24 (2d Cir. 1995)). Arguable probable cause is not "'almost' probable cause," *id.*, but instead exists when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law," *Cerrone*, 246 F.3d at 202–03 (quoting *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997)).

### A. Arguable Probable Cause Supported Janeka's Arrest

The parties agree that Martinez was aware of the following information at the time he arrested Janeka: (1) Janeka was working as a bartender at Café Omar when Martinez arrived to conduct a business inspection; (2) Janeka was standing inside the bar when Martinez approached the bar area; and (3) N.D., who was standing inside Café Omar with a cup of alcohol, admitted to Martinez that he was under the age of 21. No party has cited to us any case addressing whether probable cause to arrest the bartender exists under these circumstances, and we have found none. Nevertheless, viewing this evidence in the light most favorable to Janeka and leaving aside N.D.'s in-person identification – which is disputed – we conclude that Martinez is entitled to qualified immunity because arguable

5

probable cause supported Janeka's arrest.

Martinez was "entitled to draw reasonable inferences from the facts [he] possess[ed] at the time of [the] seizure based upon [his] own experiences." *Id.* at 203. A reasonable officer in Martinez's circumstances possessing the same knowledge could have reasonably believed that probable cause existed to arrest Janeka. Officers are entitled to draw "common-sense conclusions" based on the totality of the circumstances and their experiences. *District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018) (internal quotation marks omitted). It was reasonable for Martinez to believe that Janeka had provided N.D. with the alcoholic beverage he was holding because she was working as a bartender that night and was behind the bar when Martinez was conducting the inspection. *See Cerrone*, 246 F.3d at 203. Although it is of course conceivable that N.D. could have acquired the alcohol from another source, "the fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause." *Panetta*, 460 F.3d at 395 (internal quotation marks and alterations omitted). The question is simply whether an officer in Martinez's position could have reasonably believed that Janeka was the responsible party. *See Cerrone*, 246 F.3d at 202–03. Based on the undisputed circumstances, it was not objectively unreasonable for Martinez to have believed

6

that probable cause existed with respect to Janeka, the lone bartender behind the bar in the very establishment where an underage patron was standing with an alcoholic beverage.

### B. A Genuine Dispute of Material Fact Exists Regarding Debra's False Arrest Claim

On this record, and viewing the evidence in the light most favorable to Debra, we conclude that a genuine dispute of material fact exists regarding whether B.A. identified Debra as the person who sold him alcohol at Café Omar. Although Martinez testified that B.A. identified Debra, he also testified that N.D. identified Janeka, a fact that N.D. denied during his deposition.[1] Moreover, Martinez failed to document B.A.'s identification of Debra at the time of the arrest. These facts, if believed, would undermine Martinez's account of the in-person identifications at Café Omar, and absent B.A.'s identification of Debra, the remaining facts available to Martinez at the time of the arrest – that Debra remained outside the bar at all times and was merely sitting in close proximity to the bar and Janeka – were insufficient to support a reasonable inference that Debra was responsible for selling alcohol to an underage customer. *See id.* at 203.

---

[1] The Creeses did not take a deposition from B.A., presumably because, as a foreign national, he was no longer in the country.

Therefore, Appellees were not entitled to summary judgment on Debra's false arrest claim. *See Kroemer v. Guglielmo* (*In re Guglielmo*), 897 F.2d 58, 63 (2d Cir. 1990).

## II. The District Court Properly Granted Summary Judgment on Debra's Unasserted Malicious Prosecution Claim

Debra maintains that the district court erred in granting summary judgment to Appellees "on the merits of [her unasserted] malicious-prosecution claim" without "grant[ing] [her] leave to correct" the complaint; she further contends that "the court incorrectly held that [Appellees] were entitled to qualified immunity for prosecuting [her]." Creeses' Br. at 42. We disagree.

"[C]laims for malicious prosecution under § 1983 are 'substantially the same' as claims for 'malicious prosecution under state law.'" *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)). To prevail on a claim for malicious prosecution under New York law, a plaintiff must establish that "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice." *Conway v. Village of Mount Kisco*, 750 F.2d 205, 214 (2d Cir. 1984) (internal quotation marks omitted).

8

Obviously, the existence of probable cause is sufficient to defeat a malicious prosecution claim. Moreover, an officer is entitled to qualified immunity if there was arguable probable cause to charge the plaintiff. *See, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 82–83 (2d Cir. 2014); *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009). In the context of a malicious prosecution claim, arguable probable cause exists where, accounting for any new information learned subsequent to an arrest, "it was not manifestly unreasonable for [the defendant officer] to charge [the plaintiff]" with the crime in question. *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996).

At the time that Debra's prosecution was initiated, Appellees had acquired additional information supporting the filing of criminal charges against her. Specifically, B.A. provided police officers with a sworn affidavit, in which he stated that he was under 21 and paid $10 for an alcoholic beverage to a woman whom he described as an "old lady" who was 5'5". App'x at 278. It is also undisputed that Debra is 5'6" – shorter than Janeka, who is 5'8" – and that she was 64 years old at the time of her arrest. Given the description provided by B.A., coupled with the fact that B.A.'s sworn statement contains additional "indicia of reliability" because it acknowledges "that any false statements made to [police] subjected [him] to criminal penalties," *Panetta*, 460 F.3d at 397, the district court

9

did not err in granting summary judgment on Debra's unasserted malicious prosecution claim based on the existence of arguable probable cause.

### III. The District Court Properly Granted Summary Judgment to Appellees on the Creeses' Fair Trial Claims

The Creeses last assert that the district court erred by granting summary judgment to Appellees on their fair trial claims. We disagree.

A plaintiff is deprived of her constitutional right to a fair trial if (1) an investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result. *See Jocks*, 316 F.3d at 138; *see also Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000) (holding that the "deprivation of liberty of which [plaintiff] complains [must] be shown to be the result of [defendant's] fabrication of evidence").

### A. Janeka's Fair Trial Claim Fails

Janeka contends that Martinez fabricated N.D.'s identification at Café Omar and pressured N.D. to provide a false account in his affidavit. But even if N.D.'s identification at Café Omar was a fabrication, there was at least arguable probable cause to arrest Janeka based on her role as a bartender, N.D.'s proximity to the bar, and his admission that he was under 21 and in possession of alcohol. Thus, the

10

deprivation of liberty caused by Janeka's arrest was supported by probable cause, and Janeka identified no "separate harm" that the alleged fabrication of N.D.'s identification of Janeka at Café Omar caused. *Ganek v. Leibowitz*, 874 F.3d 73, 91 (2d Cir. 2017).

Nor does N.D.'s deposition demonstrate that his affidavit was coerced or fraudulent. In fact, N.D. expressly disclaimed that he "lied anywhere" in the affidavit, App'x at 172–73, and N.D.'s assertion that he was given "instructions," *id.* at 182, to complete the affidavit so that he could be released quickly does not support the inference that the officers told him the specific – and false – information to write in the affidavit, *see id.* at 174 (testifying that he "do[esn't] recall" being told what to write on the form). N.D.'s testimony, therefore, does not create a genuine dispute regarding whether he was forced to fabricate his affidavit.

To be sure, viewing the testimony in the light most favorable to Janeka, one could argue that an officer at the precinct provided N.D. with Janeka's height as he was filling out the affidavit. *Id.* at 185 (testifying that it was "fair to say that someone gave [him] [Janeka's] height"). Janeka nevertheless fails to demonstrate how an officer's provision of her height to N.D. deprived her of the right to a fair trial by causing her to suffer a deprivation of liberty. *See Zahrey*, 221 F.3d at 349.

11

Again, since there was at least arguable probable cause to arrest Janeka based on her role as a bartender, N.D.'s proximity to the bar, and N.D.'s admission that he was under 21 and in possession of alcohol, and since N.D. later completed a sworn affidavit under penalty of perjury in which he identified a person matching Janeka's general description as the person who sold him alcohol, the officer's purported provision of Janeka's height cannot be said to have caused a further deprivation sufficient to give rise to a claim for the denial of the right to a fair trial. *See Ganek*, 874 F.3d at 90.

## B. Debra's Fair Trial Claim Also Fails

Debra's fair trial claim fails for the same reasons that her malicious prosecution claims failed – namely, she proffers no record evidence suggesting that any aspect of the evidence implicating her was fabricated. Instead, the record demonstrates that B.A. signed a sworn affidavit in which he attested that an "old lady" matching Debra's general description sold him alcohol. *See* App'x at 278. Consequently, the district court properly granted summary judgment to Appellees on Debra's claim.

*      *      *

We have considered the Creeses' remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court