Thomas v. Mason et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
>> *Circuit Judges.*

---

Adrian Thomas,

> *Plaintiff-Appellant,*

> v.                                                                 23-753

Adam R. Mason, Ronald Fountain, and Tim Colaneri,

*Defendants-Appellees.*\*

---

---

> \* The Clerk's office is directed to amend the caption as reflected above.

**FOR PLAINTIFF-APPELLANT:**       MAX RODRIGUEZ, Pollock Cohen LLP, New York, NY (Brett H. Klein, Brett H. Klein, Esq. PLLC, New York, NY, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**       RHIANNON I. GIFFORD, Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Stewart, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Adrian Thomas filed a complaint against Adam R. Mason, Ronald Fountain, Tim Colaneri, Michael Sikirica, Rensselaer County, and the City of Troy, bringing claims under 42 U.S.C. § 1983 for malicious prosecution, denial of the right to a fair trial, failure to intervene, and conspiracy related to the malicious prosecution and fair trial claims. The district court granted in part and denied in

2

part motions to dismiss by the defendants. The remaining claims were for malicious prosecution, denial of a fair trial, and conspiracy. The individual defendants moved for summary judgment on Thomas's remaining claims. The district court granted summary judgment on the merits of the conspiracy claim and granted qualified immunity on the malicious prosecution and fair trial claims. Thomas now appeals.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment on qualified immunity grounds. *Doe ex rel. Doe v. Whelan*, 732 F.3d 151, 154-55 (2d Cir. 2013). We may affirm on any basis supported by the record. *Thyroff v. Nationwide Mut. Ins.*, 460 F.3d 400, 405 (2d Cir. 2006).

Thomas argues that Defendants are not entitled to qualified immunity on the malicious prosecution and fair trial claims. Officers are entitled to qualified immunity "if either (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action

---

[1] Thomas "does not pursue relief as to Sikirica in this appeal." Appellant's Br. at 2, n.1. As such, we dismiss Defendant Sikirica from the appeal.

did not violate such law." *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999).

In the context of a malicious prosecution claim, "an officer is entitled to qualified immunity if he had either probable cause or 'arguable probable cause.'" *Dufort v. City of New York*, 874 F.3d 338, 354 (2d Cir. 2017) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)). "Arguable probable cause exists if officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (quotation marks omitted). Even if a dispute of fact exists as to whether an officer acted in bad faith or with malice, an officer is entitled to qualified immunity if there is arguable probable cause. *See Escalara v. Lunn*, 361 F.3d 737, 744 (2d Cir. 2004) ("If there remains an objective basis to support arguable probable cause, remaining factual disputes are not material to the issue of qualified immunity and summary judgment should be granted to the defendant on the basis of qualified immunity.").

As to Thomas's malicious prosecution claim, we affirm on an alternate basis

4

supported by the record. Even if we set aside the allegedly coerced confession obtained during Thomas's second interrogation after the break, there was arguable probable cause here because it was either (1) "objectively reasonable for the officer[s] to believe that probable cause existed" or (2) "officers of reasonable competence could disagree on whether the probable cause test was met." *Escalera*, 361 F.3d at 743 (internal quotation marks omitted). The following "facts and circumstances," described by defendant Ronald Fountain in the search warrant application he prepared on September 22, 2008 (which represent what the defendants knew or thought they knew prior to the second interrogation) "would lead a reasonably prudent person to believe the plaintiff guilty," *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003): (1) The examinations at Albany Medical Center indicated that M.T. had suffered a bilateral subdural hematoma to the brain, had brain swelling, had both new and old blood on the brain, and was completely brain dead; (2) Dr. Walter Edge described M.T.'s injuries as those typical of a high-impact injury possibly caused by shaking or severe acceleration and deceleration onto a hard object; (3) Thomas stated in his initial interview before the break (before the purported fabrications) that M.T.'s injury had

5

probably occurred in his care and that M.T. had smacked his head on the crib about ten days before, which could possibly have caused the injury; and (4) M.T.'s older sibling said in an interview that she witnessed Thomas throwing M.T. into the crib and saw M.T. go limp, and that Thomas had repeatedly beaten the older sibling.

For similar reasons, the district court correctly determined that Defendants were entitled to qualified immunity on Thomas's fair trial claim, which alleges that Defendants fabricated evidence. Specifically, Thomas argues that Defendants fabricated his confession by coercing him into agreeing to a version of events that they pushed on him during his second interrogation. But it was objectively reasonable for Defendants to conclude, based on the undisputed evidence of what Defendants were told prior to the second interrogation, that their "working theory" was "accurate and not a fabrication." SPA at 68. Thomas's spouse told Defendants that Thomas had "anger issues when dealing with the kids," App'x 44, and both Thomas's spouse and M.T.'s older sibling said that Thomas previously beat the older child. M.T.'s older sibling said that she saw Thomas throw M.T. onto a bed. Treating physicians told Defendants that M.T.'s bilateral subdural hematomas and apparent skull fracture were trauma injuries typically

6

caused by high-speed impact or by slamming very hard into a hard object. We therefore agree with the district court that reasonable law enforcement officers would not have thought that the version of events Defendants' pursued during the second interrogation was a pure fabrication in light of the information available to Defendants at the time of the second interrogation.

Thomas points to no questions of fact that would be material to the objective reasonableness analysis. We thus affirm the district court's grant of summary judgment for Defendants on the malicious prosecution and fair trial claims based on qualified immunity. It follows that summary judgment was appropriate as to Thomas's conspiracy claim, which depends on the other claims. *See Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) ("Because neither of the underlying section 1983 causes of action can be established, the claim for conspiracy also fails.").

We have considered all of Thomas's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7